UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
WESTERN DIVISION

| | |
|---|---|
| KINO F. GRAHAM, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No.: 7:19-cv-00138-LSC-JHE ) |
| INSURANCE PROVIDER SUPERIOR COURTS, | ) ) ) |
| Defendant. | ) |

**MEMORANDUM OPINION**

The magistrate judge filed a report on November 22, 2019, recommending this action be dismissed without prejudice pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b) for failing to state a claim upon which relief may be granted. (Doc. 15). The magistrate judge advised the plaintiff of his right to file specific written objections within fourteen (14) days. (*Id.*). In response, the plaintiff has filed an "Answer Habeas Corpus Affidavit Objection by Way of Writ of Habeas Corpus," which has been construed as an objection to the report and recommendation. (Doc. 16).

The plaintiff requests the court treat his "objection" and this action as a petition for habeas corpus. (Doc. 16 at 2). He then asserts he seeks proof from the Governor of Alabama that the Alabama Constitution was properly signed into law and ratified in 1901. (*Id.*). He further challenges the entire criminal section of the

Alabama Code and the statutes which allow for indictments, arrests based on affidavits, convictions, sentencing, verdicts, and court judgments. (*Id*., at 2-3). He may also be attempting to assert the indictments in the criminal actions against him were void. (*Id.*, at 4). Finally, the plaintiff asks this court to transfer this action and Case No. CV-18-1991-RDP-TMP, to which he is not a party, to the United States Supreme Court. (*Id*., at 6).

Nothing in the foregoing contains an objection to the magistrate judge's findings of fact or recommendation that this civil rights action be dismissed for failing to state a viable claim. On March 18, 2019, the plaintiff was instructed his complaint, naming only a Jefferson County Circuit Judge as defendant, failed to state a claim, and was provided specific guidance on how to file an amended complaint. (Doc. 10). The plaintiff's amended complaint named only "Administration of Jefferson County, Court Employees, et al" as a defendant. (Doc. 11). The magistrate judge informed the plaintiff that the amended complaint, as drafted, was frivolous. (Doc. 12). The magistrate judge also provided the plaintiff with instructions should he be attempting to bring a habeas corpus claim, and again provided specific guidance on how to file an amended complaint. (*Id.*). On April 23, 2019, the plaintiff filed a second amended complaint, naming "Insurance Provider, et al, XYZ Superior Courts of the State of Alabama" as defendant. (Doc. 13). The only relief the plaintiff sought therein was an evidentiary hearing in state court. (*Id*., at 4). With

that background, the magistrate judge entered the report and recommendation informing the plaintiff that he could not receive a state court evidentiary hearing concerning the length of his sentence through the use of 42 U.S.C. § 1983, that such a claim fell within the realm of habeas corpus, and that the plaintiff failed to state a claim upon which relief could be granted.

Having carefully reviewed and considered *de novo* all the materials in the court file, including the report and recommendation, the plaintiff's objections are **OVERRULED**. The magistrate judge's report is hereby **ADOPTED** and the recommendation is **ACCEPTED**. Therefore, in accordance with 28 U.S.C. § 1915A(b), this action is due to be dismissed without prejudice for failing to state a claim upon which relief can be granted.

To the extent the plaintiff wishes to pursue habeas corpus relief, he must do so by filing a petition for habeas corpus in the appropriate court.

A Final Judgment will be entered.

**DONE** AND **ORDERED** ON DECEMBER 16, 2019.

```
                              _____
                                    L. SCOTT COOGLER
                                UNITED STATES DISTRICT JUDGE
```
160704